BENJAMIN SCHOLEFIELD & another *vs.* BOSTON AND MAINE
RAILROAD.

Middlesex.   March 9, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Damages for Land alleged to have been taken in Connection with the Abolition
of a Grade Crossing.*

At the trial of a petition for the assessment of damages for land alleged to have
been taken in connection with the abolition of a crossing of a highway and rail-
way at grade, the petitioner contended that a provision in the decision of the
commission appointed under St. 1890, c. 428, § 1, that "the right to place and
maintain the slopes necessary to construct the approaches to the bridge under
said railroad tracks conformable to the grade heretofore described . . . is hereby
taken on the land adjacent to said approaches," although it directly followed
and was a part of the same sentence as a detailed description of the land taken
for highway purposes and immediately preceded a provision relative to the dis-
continuance of certain highways, referred also to the railroad embankment upon
which the railroad tracks approached the bridge, and that if in order to raise the
track it was necessary to run the slope upon his land adjoining the location of the
railroad, then to that extent his land was taken by necessary implication. *Held,*
that the clause referred only to the taking for highway purposes, and that none
of the land of the petitioner had been taken.

If on the trial of a petition for the assessment of damages for land alleged to have
been taken from the respondent under the provisions of St. 1890, c. 428, it is
found that no land of the petitioner was taken, the admission of a deed offered
in evidence by the respondent, by which the petitioner conveyed to the respond-
ent a part of the land alleged to have been taken after the alleged taking, has
no bearing in determining whether the petitioner was entitled to go to the jury
on the question of damages.

PETITION, under St. 1890, c. 428, for the assessment of dam-
ages occasioned to property of the petitioners by changes au-
thorized by a decision of commissioners in the matter of the
abolition of certain grade crossings of the respondent company's
tracks over various streets in Lowell.

Trial in the Superior Court, before *Lilley,* J., who directed
the jury to return a verdict for the respondent, and, at the re-
quest of the parties, reported the case for the consideration of
this court. If the ruling was correct, judgment was to be en-
tered thereon ; otherwise, the verdict was to be set aside, and
the cause was to stand for trial. The material facts appear in
the opinion.

*N. D. Pratt,* for the petitioners.

*G. F. Richardson & D. M. Richardson,* for the respondent.

HAMMOND, J.   This was a petition under St. 1890, c. 428, for the assessment of damages occasioned to property of the petitioners by changes authorized by a decision of commissioners in the matter of the abolition of certain grade crossings of the respondent company's tracks over various streets in Lowell. At the conclusion of all the evidence, the court ruled that none of the petitioners' land was taken under any authority which entitles the petitioners in this proceeding to recover damages, either direct or consequential; and that the additional track put in by the respondent, and the running of trains thereon, do not give the petitioners in this action any right to damages on account thereof, because the track so put in and the running of the trains thereon were wholly within the location of the railroad as fixed prior to any proceedings for the abolition of the Billerica Street and Lawrence Street grade crossings; and directed the jury to return a verdict for the respondent.   Prior to the alterations under the decree the railroad crossed Billerica Street at grade, and, a little easterly, Lawrence Street at grade.   The petitioners' land was bounded easterly by Billerica Street, northerly by the railroad location about 167 feet, and westerly by Concord River.   The commissioners decided " that alterations shall be made in said Lawrence Street crossing, in the approaches thereto, in the location of said way, and the grade thereof, in the location of Billerica Street so called, and the grade thereof, and in the grade of said railroad, so as to avoid the crossing of said Lawrence Street and said railroad at the same level at the crossing above named," and then proceeded to describe the land to be taken for these purposes.   The decree authorized the location of the railroad tracks above their former grade from Concord River easterly to a point beyond Lawrence Street; and it is contended by the petitioners that a strip of land upon the northerly side of their lot adjoining the location of the railroad all the way from Concord River to the old location of Billerica Street was taken, upon which to rest the slope of the embankment of the railroad thus raised.   Since the alleged taking the petitioners have conveyed to the respondent the easterly part of the land alleged to

have been taken, and they claim no damages for that. This petition concerns only that portion of the strip which abuts on the Concord River, it being a small portion of the northwesterly corner of the petitioners' land. A new track was laid by the respondent, south of the old track, but wholly within the limits of the respondent's old location, and this new track was about twelve feet nearer the petitioners' dwelling-house than the old track.

In order to see whether any of the petitioners' land is taken, it is necessary, of course, to examine the decree of the commissioners. After the usual formal recitals as to notice and the hearing, they adjudge that alterations are necessary for the security and convenience of the public, and decide as hereinbefore stated. The decree then proceeds to state specifically the changes to be made in the location and grade of Lawrence Street and of Billerica Street, and states that the grade of the railroad shall be raised to the height specified therein, so as to pass over the highways at the crossing. The decree proceeds as follows: " To make the alterations in said Lawrence Street and Billerica Street as herein provided for, it is necessary to take for highway purposes the following described parcel of land, which is hereby taken." Then follows a detailed description of the land taken, no part of which belongs to the petitioners, and immediately following the description occurs the following language: " and the right to place and maintain the slopes necessary to construct the approaches to the bridge under said railroad tracks conformable to the grade heretofore described, the said slopes to be built $1\frac{1}{2}'$ horizontal to $1'$ vertical, is hereby taken on the land adjacent to said approaches." Then the decree proceeds to state what part of Billerica Street and Lawrence Street shall be discontinued, how the highways shall be constructed, and that the " work on the railroad shall consist of raising the track, side tracks, switches, cross-overs, and connections with the side tracks within the limits of the altered grade." It further recites that the above alterations are shown on the plan " filed herewith and signed by us."

No part of this decree contains any express allusion whatever to the land of the petitioners, but it is contended by them that this land was taken under the clause which takes " the right

to place and maintain the slopes necessary to construct the approaches to the bridge under said railroad tracks," etc., as hereinbefore recited. They maintain that approaches to the bridge include the railroad embankment upon which the railroad tracks approach the bridge as well as the highway approaches, and that if in order to raise the track it is necessary to run the slope upon their land, then to that extent this land is taken by necessary implication.

We do not think that this contention is sound. It is plain that the clause with reference to "slopes necessary to construct the approaches to the bridge" refers to the taking for "highway purposes." It follows directly after the very minutely detailed description of the land taken for such purposes, and is only an extension of the same sentence. It immediately precedes the paragraph which deals with the discontinuance of Lawrence and Billerica Streets. Both the natural grammatical construction and the context show that the writer of the decree was here directing his attention solely to the highway part of the alterations.

No part of the petitioners' land was taken by the decision as thus interpreted, and the ruling of the trial court on this question was correct.

If no part of the petitioners' land was taken, and the new track was built within the limits of the old location, we do not understand that the petitioners claim that the petition can be maintained.

In the view we take of the case, the deed admitted conveying a portion of the land alleged to have been taken had no bearing in determining whether the petitioners were entitled to go to a jury. By the terms of the report, judgment is to be entered on the verdict.

*So ordered.*